IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TINA HIGHT                                                                                          PLAINTIFF

v.                                           Case No. 1:23-cv-1063

DEPUTY BRIAN WILLIAMS;
COLUMBIA COUNTY SHERIFF'S DEPARTMENT;
and MIKE LOE, SHERIFF OF COLUMBIA COUNTY                          DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Defendants' Motion for Summary Judgment. ECF No. 25. Plaintiff has responded to the motion. ECF No. 29. Defendants have filed a reply. ECF No. 32. The Court finds this matter ripe for consideration.

### I.  BACKGROUND

On August 30, 2022, Columbia County deputies Brian Williams and Kevin Glass were dispatched to Plaintiff's residence in response to her call reporting domestic violence. There is a video recording of the encounter, which has been entered into evidence. ECF No. 28. Most of the facts that follow are based on the Court's observation of that video recording. When the deputies arrived at the scene at approximately 4:00 a.m., a few dogs could be seen on the inside of the glass door. Deputy Glass knocked on the door while Deputy Williams, facing the house with a flashlight, was positioned in the front yard some distance away from the front door.

Plaintiff came to the door, and either Plaintiff or Deputy Glass opened the door. As the door opened, two dogs escaped from the house into the yard in front of Deputy Williams. Plaintiff and Deputy Glass were directly in front of the door on the front porch, and Plaintiff attempted to herd the dogs back into the house. Deputy Williams, yelling profanities and warning Plaintiff to control

her dogs, fired his gun in the air as a warning to the dogs. ECF No. 27-1, at ¶ 4. Some of the dogs retreated into the house, but at least one of the dogs began to run toward Deputy Williams on what appears to be a stone or concrete walkway. He then fired another shot at the dog while Deputy Glass and Plaintiff were still standing on the front porch near the front door and behind the dog. Immediately after this gun shot, Plaintiff began to scream that she had been shot. Plaintiff grabbed one or both of her legs and fell onto the ground. The medical records show that a bullet fragment was found in her right lower leg and there was a soft tissue wound on her left thigh. ECF No. 30-1, at 6.

On June 20, 2023, Plaintiff filed her complaint in this matter, generally alleging that her constitutional rights were violated when Plaintiff Deputy Williams shot her. In her amended complaint, Plaintiff alleges the following specific claims related to the shooting: (1) a state law negligence claim against Sheriff Mike Loe; (2) a state law negligence claim against Deputy Brian Williams; (3) an excessive force claim against Deputy Williams; (4) a 42 U.S.C. § 1983 claim "related to the force of [Deputy] Williams";[1] and (5) a § 1983 claim against Columbia County Sheriff's Department. ECF No. 16. Defendants argue that they are entitled to summary judgment on all claims. Plaintiff disagrees.

## II. LEGAL STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Ryno v. City of Waynesville*, 58 F.4th

---

[1] The complaint in this case is not a model of clarity, and the Court struggles to distinguish claim three from claim four. The language in claim three suggests that perhaps the claim should be interpreted as a state law tort claim against Defendant Williams, given that Plaintiff states she seeks "compensation" for this claim "in excess of the amount required for federal diversity jurisdiction." ECF No. 16, at pp. 3-4.

995, 1004 (8th Cir. 2022) (quoting *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1033 (8th Cir. 2007)).  A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

"The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli v. City of Kansas City, Mo.*, 996 F.3d 857, 863 (8th Cir. 2021).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III.  DISCUSSION

At the core of this case is Plaintiff's § 1983 claim of excessive force against Defendant Deputy Brian Williams in his individual capacity[2] and Defendant Williams's assertion that he is entitled to qualified immunity on this claim.  First, the Court will analyze the excessive force claim and then move to Plaintiff's remaining claims.

**A.  Qualified Immunity**

In his summary judgment motion, Defendant Williams argues that he is entitled to summary judgment based on the application of qualified immunity for two separate reasons.  First, Defendant Williams argues that the complained-of force—the shooting of Plaintiff by Defendant Williams—was accidental and thus does not violate the Fourth Amendment.  Second, Defendant

---

[2] Plaintiff states that she is also suing Sheriff Mike Loe in his individual capacity.  However, the only claim in the amended complaint against Sheriff Mike Loe is titled "Count 1 – Direct and Vicarious Liability for Defendant Mike Loe as Sheriff of the Columbia County Sheriff's Department."  ECF No. 16, at p. 3.  The claims that reference § 1983 are made against Deputy Brian Williams and do not mention Sheriff Mike Loe.  Further, Sheriff Mike Loe was not present at Plaintiff's residence on August 30, 2022.  Thus, it does not appear that Plaintiff alleges a § 1983 claim against Sheriff Mike Loe in his individual capacity.

Williams argues that, should the Court find that his conduct violated Plaintiff's constitutional right, this right—to be free from Defendant Williams's particular use of force—was not clearly established.

Title 42 U.S.C. § 1983 directs that persons acting under color of law who deprive individuals of their constitutional rights shall be liable to the injured party. However, "[q]ualified immunity provides government officials some protection against suit for civil damages." *Dundon v. Kirchmeier*, 85 4th 1250, 1255 (8th Cir. 2023) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "In a § 1983 action, an officer is entitled to qualified immunity unless: (1) the officer's conduct violated a constitutional right, and (2) that right was clearly established." *Ching ex rel. Jordan v. City of Minneapolis*, 73 F.4th 617, 620 (8th Cir. 2023). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). The Court has "discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The Supreme Court cautions that lower "courts should think hard, and then think hard again, before deciding a constitutional question that need not be resolved." *Camreta v. Greene*, 563 U.S. 692, 707 (2011).

"For a right to be clearly established, 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Irish v. McNamara*, 108 F.4th 715, 718 (8th Cir. 2024) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Specificity is especially important in the Fourth Amendment context." *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019). In the instant case, the Court must grant Defendant Williams qualified immunity unless Plaintiff identifies "controlling authority or a robust consensus of persuasive authority [that] put[s] the constitutional question 'beyond debate.'" *Dundon v.*

4

*Kirchmeier*, 85 F.4th 1250, 1255 (8th Cir. 2023) (quoting *Ashcroft*, 563 U.S. at 741-42).

The Fourth Amendment prohibits unreasonable searches and seizures by government actors. The threshold question in the instant case is whether Plaintiff was seized within the meaning of the Fourth Amendment. Plaintiff argues that Defendant Williams's shooting of her was "unquestionably a seizure" because Defendant Williams willfully shot at the dog and hit Plaintiff. ECF No. 30, p. 10. Defendant Williams argues that he did not subjectively intend to shoot or restrain Plaintiff, and thus no seizure occurred under the Fourth Amendment. The Court is not convinced that, under the circumstances of this case, the law is as clear as either side so succinctly states. In fact, the Eighth Circuit has recently held that the law is unclear as to whether subjective or objective intent of officers should be considered in Fourth Amendment unintended-target cases, such as the instant case. *Irish*, 108 F.4th at 721.

In *Brower v. County of Inyo*, the Supreme Court held that a Fourth Amendment seizure "requires an intentional acquisition of physical control." 489 U.S. 593, 596 (1989). The Court explained that a seizure must involve a "willful" detention or taking, a conclusion that "is implicit in the word seizure," which can hardly be applied to an unknowing act." *Id.* So long as the officer's conduct is "willful," a "seizure occurs even when an *unintended person* or thing is the object of the detention." *Id.* at 599 (emphasis added). The Supreme Court noted that the Fourth Amendment targets the "misuse of power, not the accidental effects of otherwise lawful government conduct." *Id.* at 596. The Supreme Court determined that the complaint in *Brower* alleged facts sufficient to constitute a seizure—the facts being that the police officers meant for the suspect to be stopped by a roadblock, and he was so stopped when he collided with it. *Id.* at 598-99. "While the Court's language in *Brower* alludes to an officer's subjective state of mind by focusing on whether the seizure was 'willful ' and 'knowing,' the Court also rejected the officers'

5

argument that there was no seizure because they specifically intended only to induce the suspect to stop voluntarily when he saw the roadblock." *Gardner v. Bd. of Police Comm'rs*, 641 F.3d 947, 951-52 (8th Ci. 2011) (citing *Brower*, 489 U.S. at 598).

In 2007, the Supreme Court decided *Brendlin v. California*, 551 U.S. 249, 254 (2007), in which it held that a Fourth Amendment seizure occurs when an officer, "by means of physical force or show of authority, terminates or restrains [an individual's] freedom of movement, *through means intentionally applied*." (internal quotations and citations omitted). The Supreme Court explained that the "intent that counts under the Fourth Amendment is the 'intent [that] has been conveyed to the person confronted." *Brendlin*, 551 U.S. at 260-61 (quoting *Michigan v. Chesternut*, 486 U.S. 567, 575 n. 7 (1988)).

Several courts of appeals, at least pre-*Brendlin*, have held that "police do not effect a seizure when they accidentally shoot a bystander who is not the intended target of a police action." *Gardner,* 641 F.3d at 952 (collecting cases). Language in these cases "impl[y] that an officer's subjective state of mind [is] relevant . . . in determining whether a seizure occurred." *Id.*; *see also Moore v. Indehar*, 514 F.3d 756, 760 (8th Cir. 2008) (explaining that in an unintended-target case, "the question . . . [is] one of intent," meaning the plaintiff "must show that [the officer] intended to seize [him] through the means of firing his weapon *at [him]*" (emphasis added)).

In 2011, in *Gardner*, and again in 2024, in *Irish*, the Eighth Circuit Court of Appeals noted that "*Brendlin* focused on 'objective intent' but . . . [did not] 'disavow statements in *Brower* that led lower courts and commentators to focus at some level on the subjective intent of the officers.'" *Irish*, 108 F.4th at 719 (quoting *Gardner v. Bd. of Police Comm'rs*, 641 F.3d 947, 952-53 (8th Cir. 2011)). Also, in *Gardner*, which is a post-*Brendlin* opinion, the Eighth Circuit observed that "the occurrence of a seizure depend[ed] on an officer's subjective state of mind." *Gardner*, 641 F.3d

6

at 953 (citing *Moore v. Indehar*, 514 F.3d at 760-61). The case was remanded to the district court to decide whether a jury could find that the officer "subjectively intended to effect a seizure . . . by firing his weapon." *Id.*

After *Gardner* was decided by the Eighth Circuit Court of Appeals, the Supreme Court decided *Torres*, which held that police had seized a suspect "for the instant that the bullets struck her" even though she temporarily eluded arrest afterward. *Torres v. Madrid*, 592 U.S. 306, 318 (2021). In *Torres*, which did not deal with the issue of accidental force, the Supreme Court noted that "the appropriate inquiry is whether the challenged conduct *objectively* manifests an intent to restrain, for we rarely probe the subjective motivations of police officers in the Fourth Amendment context." 592 U.S. at 317. (citing *Nieves v. Bartlett*, 587 U.S. 391, 403 (2019)). The Supreme Court, by using the term "rarely," left open the possibility that an officer's subjective intent could be relevant in Fourth Amendment excessive force cases under specific circumstances. This "qualified language is consistent with the [Supreme] Court's repeated observation that officers' subjective intent 'is relevant to an assessment of the Fourth Amendment implications of police conduct' insofar as 'that intent has been conveyed to the person confronted.'" *Irish*, 108 F.4th at 719 (quoting *Chesternut*, 486 U.S. at 575 n. 7); *cf. Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in *ordinary*, probable-cause Fourth Amendment analysis." (emphasis added)). Although *Torres*, like *Brendlin*, focused on "objective intent," *Torres* did not "disavow the Supreme Court's prior statements or end any 'debate' on subjective intent's role in whether a seizure occurred." *Irish*, 108 F.4th at 720 (citing *Gardner*, 641 F.3d at 952-53.

Back to the instant case, it is undisputed that Defendant Williams was firing his weapon at the dog, and the bullet ended up striking Plaintiff. Given the uncertainty as to whether subjective

7

or objective intent should be considered here, the Court "cannot say that it was 'sufficiently clear that every reasonable official [in Defendant Williams's shoes] would understand' that he acted unlawfully—or even within the scope of the Fourth Amendment.'" *Id.* (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)). Stated differently, Eighth Circuit precedent[3] requires the court to find that it was not clearly established as of August 30, 2022, that an officer in Arkansas could seize Plaintiff by shooting her without subjectively intending to do so. *See id.* Because Plaintiff has not produced evidence, or even alleged, that Defendant Williams subjectively intended to seize her, the Court concludes that Defendant Williams is entitled to qualified immunity.

### B. Columbia County Sheriff's Department

Defendants argue that Columbia County Sheriff's Department is not a proper defendant in this case and should be dismissed. Plaintiff does not respond to this argument in her brief. As a department of local government, the Columbia County Sheriff's Department is not a distinct juridical entity that can be sued. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (noting that city police department and paramedic services "are not juridical entities suable as such . . . [but] are simply departments or subdivisions of the City government"). Thus, the Court finds that the Columbia County Sheriff's Department should be dismissed without prejudice.

### C. Official Capacity Claims

Plaintiff sues both Defendants Sheriff Mike Loe and Brian Williams in their official capacities. "A suit against a public employee in his or her official capacity is merely a suit against

---

[3] In *Irish*, the Eighth Circuit Court of Appeals held "that it was not clearly established as of March 2022 that an officer in Minnesota could seize a fellow officer with a K9 without subjectively intending to do so." 108 F.4th at 721.

8

the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, the suit is against Columbia County.

"A political subdivision may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employes." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (8th Cir. 1978)). "A political subdivision may be held liable for the unconstitutional acts of its official or employees when those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id.*

Defendants argue that Plaintiff has not presented any evidence showing that she was injured as a result of an unconstitutional Columbia County policy or custom. In her amended complaint, Plaintiff alleges that the "Columbia County Sheriff's Department had a duty to properly train, supervise, and discipline their employees and agents" and that the "Columbia County Sheriff's Department breached that duty." ECF No. 16, at ¶ ¶ 49-50. However, Plaintiff has presented no proof in support of this claim and, in her brief, ignores Defendants' argument that the official capacity claims should be dismissed.

Accordingly, the Court agrees with Defendants' assertion that Plaintiff has presented no evidence that would indicate liability on the part of Columbia County. Thus, the Court finds that summary judgment on all official capacity claims is proper.

### D. State law Claims

Plaintiff brings state law negligence claims against Defendants Loe and Williams. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it had original jurisdiction. *Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045 (8th Cir. 2014). Here, the Court finds that the claims over which it had original jurisdiction, the § 1983 claims, should be

9

dismissed. Thus, the Court declines to exercise its supplemental jurisdiction over the remaining state law claims.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 25) should be and hereby is **GRANTED**. Plaintiff's § 1983 individual capacity claim against Defendant Williams is **DISMISSED WITH PREJUDICE**. Plaintiff's § 1983 official capacity claims against Defendants Brian Williams and Mike Loe are **DISMISSED WITH PREJUDICE**. Plaintiff's § 1983 claim against Columbia County Sheriff's Department is **DISMISSED WITHOUT PREJUDICE**. Further, the Court declines to exercise its supplemental jurisdiction over the remaining state law claims, and these claims are also **DISMISSED WITHOUT PREJUDICE**. A judgment of even date shall issue.

**IT IS SO ORDERED**, this 27th day of August, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge